## UNITED STATES v. PEERLESS WEIGHING & VENDING MACH. CORPORATION et al.*
### No. 300.

Circuit Court of Appeals, Second Circuit. May 2, 1938.

On Rehearing May 18, 1938.

*Order affirmed on rehearing — F.2d —.

Smyth & Tuttle, of New York City (Nathan A. Smith, of New York City, of counsel), for appellants.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Clarence E. Dawson, Sp. Assts. to Atty. Gen., Lamar Hardy, U. S. Atty., and Clarence W. Roberts, Asst. U. S. Atty., both of New York City.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order in bankruptcy, directing the Peerless Weighing & Vending Machine Corporation to pay a claim of the United States already allowed against the Consolidated Automatic Merchandising Corporation in a pro-ceeding to reörganize that company under Bankr.Act, section 77B, as amended, 11 U. S.C.A. § 207. The claim against the debtor was upon an assessment for stamp taxes, and included not only the principal but interest thereon from the time of assessment; the referee allowed it but the district judge expunged it in toto. On appeal to this court (United States v. Consolidated Automatic Merchandising Corp., 2 Cir., 90 F.2d 598, 601), we reversed the order of the district court in an opinion which concluded as follows: "the order of the District Court is reversed and the proceeding is remanded, with directions to enter an order confirming the report of the special master and allowing the claim of the United States for $50,434.38, with statutory interest to date of payment." No question had up to that time been raised as to the impropriety of allowing interest, though the claim was valid for the principal. The opinion was handed down on June 7, 1937, and our mandate went down on June 23d, 1937, in the following terms: "Cause remanded with directions to proceed in accordance with the opinion of this court." On this the district court entered an order on July 23, 1937, allowing the claim against the debtor with interest to the date of payment. The debtor filed a petition for certiorari, which was denied on October 11, 1937, 58 S.Ct. 48, 82 L.Ed. —— and the order of the Supreme Court was remitted to us on October 18th. The United States then moved in the district court on November 18, 1937, for an order requiring the Peerless Weighing and Vending Machine Corporation to pay the claim, as so fixed by the order of July 23, 1937. Its warrant for so asking was that the plan of reörganization had provided that the Peerless Company should "assume the payment of whatever liability may be found by the court to be justly owing by Camco" (the debtor) "to the Department of Internal Revenue in connection with certain tax claims in the amount of $71,981.86." On August 8th, 1935, this provision had been modified so as expressly to provide for the retention by the district court of "jurisdiction to hear and determine the contest on the claim," and the plan had been approved. The district judge granted the motion of the United States on January 6, 1938, and both the debtor and the Peerless Company have appealed. No appeal was ever taken from the order of July 23, 1937.

■ The appellants object to the allowance of interest on the ground that the statutes do not provide for it. The United States answers that we are foreclosed from considering that question because our mandate directed the allowance of interest, the district court entered its order in conformity therewith and that order is a bar—the term having passed. That contention raises two questions: first, whether in any case our mandate could be strictly a bar, or whether at most it only established "the law of the case", which we may disregard whenever justice requires; and second, whether, if it would be a bar after the term had passed, the fact that the petition for certiorari was denied during the present term prevents the application of the doctrine. We need answer neither of these questions. Only by an appeal from the order of July 23, 1937, was it possible to review the award of interest against the debtor; as none was taken it is immutably fixed and the debtor has no standing to appeal from the order now at bar, not being aggrieved. If the promise of the Peerless Company had been to pay only whatever the court might in a proceeding against it find to be due from the debtor to the United States, it would not be bound by the liquidation of the claim against the debtor; but that was not its undertaking. When on August 8, 1935 it "assumed whatever liability may be found by the court to be justly owing by Camco", the United States had already filed its claim, the debtor had objected to it and the dispute was pending before the referee. It would be extremely unreasonable to construe the promise as contemplating a second liquidation when the Peerless Company was called upon to perform; on the contrary, the promisor was to pay whatever should be found due in the proceeding then pending to liquidate the claim. Since therefore the order of July 23, 1937, cannot be reviewed and the promise of the Peerless Co. is not denied, there is nothing before us except the jurisdiction of the district court to enforce the promise summarily as an incident to the reorganization proceeding, and this the Peerless Company does not apparently challenge. Perhaps we should pass upon it in any event, since it touches a point of jurisdiction. We think the following language of subdivision (h) of section 77B, Bankr. Act, 11 U.S.C.A. § 207(h), grants adequate power to the district court: "Upon final confirmation of the plan, the debtor and other corporation * * organized * * * for the purpose of carrying out the plan, * * * shall * * * carry out the plan and the orders of the judge relative thereto, under and subject to the supervision and control of the judge."

Order affirmed as to the Peerless Weighing & Vending Corporation.

Appeal of the Consolidated Automatic Merchandising Corporation dismissed.

## On Petition for Rehearing.

### PER CURIAM.

■ The Peerless Company complains that the order of July 23, 1937, allowing the claim against the Consolidated Company did not define the "statutory interest" which it awarded, and asks us to say that the proper rate is therefore open on this appeal. Even if that order did not in fact sufficiently define the phrase, the only issue here would be as to what its meaning was, for we could still do nothing but enforce the claim against the Peerless Company as it was liquidated against the Consolidated Company. To be sure, the ambiguity might then require a resettlement of the order of July 23, 1937; but that will not be necessary because the meaning is plain. It is true that the claim itself did not mention R. S. § 3184, 26 U.S.C.A. § 1545; and indeed for some undisclosed reason it did not demand 12 per cent. interest after March 27, 1935. But the "Demand for Tax" served by the Commissioner upon the Consolidated Company on August 8, 1934, was in evidence; in it the Commissioner demanded interest under R.S. § 3184, and that should be taken as fixing the meaning of both the claim and the order, especially as R.S. § 3184, is the only statute possibly applicable.

■ Therefore, the sole question that can arise is whether since the claim voluntarily reduced the rate from 12, to 6, per cent. as of March 27, 1935, the order awarding "statutory interest" should also be read as so limited. Before modifying the order to that effect the United States must be heard; it may file a brief within ten days after the filing of this memorandum upon that point, but it need answer no more of the petition for rehearing.